UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEARST COMMUNICATIONS, INC. and HEARST MAGAZINE MEDIA, INC., | CIVIL ACTION |
| PLAINTIFFS, | No. 1:25-cv-1615 (JAV) |
| V. | |
| RUGS AMERICA CORP., RUGS AMERICA HOLDINGS LLC, and AARON HAKIMIAN, | |
| DEFENDANTS. | |

**FINAL JUDGMENT ON CONSENT**

JEANETTE A. VARGAS, United States District Judge:

**WHEREAS**, this matter concerns allegations of past and ongoing infringements of the registered trademarks of Plaintiffs Hearst Communications, Inc. and Hearst Magazine Media, Inc. (collectively, "Hearst"),

**WHEREAS,** the parties have reached a settlement, which is conditional on entry of this Final Judgment on Consent to provide the injunctive relief sought in the Complaint, and upon entry of the Final Judgment on Consent, all matters in dispute in this action will be resolved;

**WHEREAS**, the parties have consented to the entry of this Final Judgment on Consent and jointly believe that good cause exists for entry of this Final Judgment on Consent,

**IT IS HEREBY ORDERED** that:

1.     This Court has jurisdiction over the parties and over the subject

matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338.

2.    In this document, the term "COSMOPOLITAN MARKS" shall refer collectively to the trademarks COSMOPOLITAN and COSMOLIVING BY COSMOPOLITAN, including the U.S. Registration Nos. 5,851,894 and 5,927,357.

3.    Plaintiff Hearst Communications, Inc. is the owner of each of the COSMOPOLITAN MARKS, each of which is valid and subsisting.

4.    Defendants Rugs America Corp., Rugs America Holdings LLC, and Aaron Hakimian, and each of their directors, officers, employees, managers, members, affiliates, divisions and subsidiaries, successors and assigns, and all others acting in direct and/or indirect concert or participation with them, are hereby permanently enjoined and restrained from the following conduct, whether undertaken directly or indirectly:

    a. Using the COSMOPOLITAN MARKS in connection with the sale, offering for sale, or advertising of any goods or services;

    b. Representing, suggesting in any way, or performing any act which may give rise to the belief that any Defendant or any of their goods or services are authorized, sponsored by, affiliated with, or endorsed by Plaintiffs or any of their affiliates;

    c. Selling or passing off any goods or services as authorized, sponsored by, affiliated with, or endorsed by Plaintiffs of any of their affiliates; and

    d. Allowing, suffering, inducing, or enabling any third party to undertake or continue any of the foregoing conduct but only to the extent such third-party conduct is authorized, directed, or materially supported by

any Defendant. For the avoidance of doubt, Defendants shall not be deemed to have violated this Final Judgment solely because a third party—such as an online marketplace, distributor, or reseller—displays a product listing using the COSMOPOLITAN MARKS, absent allegations that such use is based on conduct or communications by Defendants.

5. Defendants Rugs America Corp., Rugs America Holdings LLC, and Aaron Hakimian are hereby ordered to take all reasonable steps to remove any use of the COSMOPOLITAN MARKS in connection with the sale, offering for sale, or advertising of any of their goods or services, including any remaining advertising, marketing, sale, promotion, or distribution of their goods or services. This order requires, but is not limited to requiring, Defendants Rugs America Corp., Rugs America Holdings LLC, and Aaron Hakimian to remove any product listings that use the COSMOPOLITAN MARKS from internet retail sites and platforms, and from any showrooms or trade shows.

6. No other award for damages, profits, costs, disbursements, or attorneys' fees is made herein, and all parties are otherwise to bear their own costs and attorneys' fees.

7. The rights contained in this Final Judgment on Consent, including the right to enforce it, shall be freely assignable to the fullest extent permitted by law. This Final Judgment shall bind the parties hereto and their successors and assigns.

8. This Final Judgment on Consent shall be deemed to have been served upon all parties at the time of its execution and entry on the docket by the Court.

Dated: September 30, 2025

_____
HON. JEANNETTE A. VARGAS
United States District Judge

4

CONSENT

All parties to this matter hereby consent to the entry of a Final Judgment On Consent in the form annexed hereto.

Dated: September 26, 2025

By: _____
Matthew Greenfield
Ravi V. Sitwala
300 West 57th Street, 40th Floor
New York, New York 10019
Tel.: (212) 649-2051
matthew.greenfield@hearst.com
rsitwala@hearst.com

*Counsel for Plaintiffs Hearst Communications, Inc. and Hearst Magazine Media, Inc.*

Dated:

By: _____
Arvind Jayakumar
Jayakumar Law
130 E 36 Street, Suite 5r
New York, NY 10016
214-598-8145
ajayakumar@jayakumarlaw.com

*Counsel for Defendants Rugs America Corp., Rugs America Holdings LLC, and Aaron Hakimian*